# NO. 12-23-00323-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EDWIN E. BUCKNER, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Edwin E. Buckner, Jr., acting pro se, filed this original proceeding to complain of Respondent Gregg County Clerk Michelle Gilley's failure to file his answer in a probate case.[1]

This Court's mandamus authority is limited to (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge; or (4) a situation in which a writ of mandamus is necessary to protect the Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2005). The County Clerk is not a judge over which this Court possesses mandamus authority. *In re Emerson,* Nos. 12-20-00068-CR & 12-20-00069-CR, 2020 WL 1536510, at *2 (Tex. App.—Tyler Mar. 31, 2020, orig. proceeding) (mem. op.) (citing TEX. GOV'T CODE ANN. § 22.221(a), (b)); *see In re Dotson*, No. 12-20-00205-CV, 2020 WL 5552626 (Tex. App.—Tyler Sept. 16, 2020, orig. proceeding) (per curiam) (mem. op.) (dismissing mandamus proceeding against district clerk for want of jurisdiction). Nor does the record demonstrate that issuance of a

---

[1] Judith Janet Thomas is the Real Party in Interest.

writ of mandamus against the County Clerk is necessary to protect this Court's jurisdiction. *See generally* ***In re Vargas***, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction). For this reason, we ***deny*** Relator's petition for writ of mandamus.[2]

Opinion delivered January 10, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Additionally, Relator's petition fails to comply with appellate Rules 52.2, 52.3(a)-(h), and (j)-(k), and 52.7. *See* TEX. R. APP. P. 52.2 (designation of parties); TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P. 52.7 (record). The Clerk of this Court notified Relator of the defects and gave a deadline by which to correct them. Appellant did not correct the defects.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 10, 2024**

**NO. 12-23-00323-CV**

**EDWIN E. BUCKNER, JR.,**
Relator
V.

**MICHELLE GILLEY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Edwin E. Buckner, Jr.; who is the relator in appellate cause number 12-23-00323-CV, arising out of trial court cause number 2023-0097-E, pending on the docket of the County Court at Law No 2 of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on December 20, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*